**STATE, ex rel. FULTON FOUNDRY & MACHINE COMPANY, INC., Relator, v. INDUSTRIAL COMMISSION, Respondent.**

Ohio Appeals, Tenth District, Franklin County.

No. 5767.   Decided December 6, 1957.

Simmons, Metzner, McNelly, Torbet & Vilas, Richard McNelly, R. D. Metzner, of Counsel, Cleveland, Harold C. Meier, Columbus, for relator·

William Saxbe, Atty. Genl., John R. Barrett, Brown W. Pettit, Asst. Attys. Genl., Columbus, for respondent.

## OPINION

By MILLER, J.

This is an original action in mandamus wherein the relator is seeking to have an order of the respondent, the Industrial Commission of Ohio, vacated and set aside, which found that one John Malaczewski had contracted the occupational disease of silicosis within the course of and arising out of his employment with the relator. Since there may be no appeal from this order it is conceded by all counsel that mandamus is the proper remedy and that the order may be vacated and set aside if there has been an abuse of discretion or failure to comply with the law. **Lyons v. Industrial Commission, 42 Oh Ap 132; Industrial Commission v. Monroe, 111 Oh St 812.**

The record reveals that on or about the 17th day of March, 1955, and for several years prior thereto, John Malaczewski was an employee of the Fulton Foundry & Machine Company, Inc., Cleveland, Ohio. On said date the employee stopped work and on the 6th day of April, 1955, he filed his claim with the Industrial Commission for compensation on account of silicosis, an occupational disease. The relator denied the existence of silicosis and the Industrial Commission referred the claim to a Board of Silicosis Referees consisting of three licensed physicians as required by §4123.68 (W) R. C. The relator urges that the Board of Silicosis Referees requested the claimant to appear before them for an examination but that he refused. This statement is not supported by the record, but the same does reveal that on December 19, 1955 he stated in an affidavit in support of his claim that he was not able to travel to Columbus for a physical examination, it appearing that he was now living in Michigan some 300 miles distant. The medical referees therefore ordered various X-rays be submitted for their examination all of which orders were fully complied with and as a result of their examinations they were of the opinion that the claimant had no silicosis in the lungs and that his disability was not of occupational origin. The administrator of the Commission acting on said report of findings and other evidence before him, on November 23, 1956, ordered that the claim be disallowed for the reason that proof on file failed to establish that the claimant suffered from silicosis or any other occupational disease. From this decision the claimant appealed and his appeal was heard on January 15, 1957, by the Toledo Regional Board of Review. At this hearing the Board had before it the record which had been before the administrator and also additional evidence was produced but no additional medical examinations were made. The new evidence presented consisted of a report of a Toledo physician which stated that "the impression is silicosis, causing total and permanent disability." The Board of Review reversed the finding of the administrator and granted an award retroactive to March 18, 1955. The relator appealed from this ruling to the Industrial Commission and the same was denied without further hearing, thereby making the order of the Board of Review a final order of the Commission.

It is urged by the relator that there had been a failure to comply with §§4123.10, 4123.68 (W) and 4123.53 R. C., and that therefore the granting of the award was illegal and contrary to law.

The pertinent parts of the cited sections of the Revised Code read as follows:

"Sec. 4123.10 R. C. * * * No compensation shall be paid to any claimant on account of any occupational diseases, the existence of which is denied, unless a medical advisor appointed by the commission has examined such claimant for the purpose of determining the existence of such disease and the approximate time, place and cause of its inception."

"Sec. 4123.68 (W) R. C. * * * Before awarding compensation for disability or death due to silicosis, the commission shall refer the claim to the silicosis referees for examination and recommendation with regard to the diagnosis, the extent of disability, and other medical questions connected with the claim. An employee shall submit to such examinations, including clinical and x-ray examinations, as the commission requires. * * * In the event that an employee refuses to submit to examinations, including clinical and x-ray examinations, after notice from the commission, * * * then all rights for compensation are forfeited."

"Any employee claiming the right to receive compensation may be required by the industrial commission to submit himself for medical examination at any time, and from time to time, at a place reasonably convenient for such employee, and as may be provided by the rules of the commission. * * * If such employee refuses to submit to any such examination or obstructs the same, his right to have his claim for compensation considered, if his claim is pending before the commission, or to receive any payment for compensation theretofore granted, shall be suspended during the period of such refusal or obstruction."

The relator urges that the claimant was never examined by the Board of Silicosis Referees nor by any medical advisor appointed by the Commission as required by §4123.10 R. C. A careful examination of this section reveals that a medical advisor shall examine the claimant in order to determine the existence of an occupational disease. This mandate, we think, was met when the silicosis referees examined the X-rays and other evidence in the files. The statute requires that they be "licensed physicians in good professional standing" and their qualifications have not been questioned. They may be considered as medical advisors under the cited section. The results of their examinations are in the record and were before the Board when the claim came on for review. This Board was not required to do that which had already been done by the administrator, who possesses "all authorities and powers, discretionary and otherwise, which are required of or vested in the Industrial Commission." Sec. 4121.121 R. C. The statute does not provide the kind of examination which shall be conducted by the medical referees but only provides that "An employee shall submit to such examinations, including clinical and x-ray examinations, as the commission requires." When we examine the statutory definition of silicosis found in §4123.68 (W) R. C., to wit, "Silicosis means a disease of the lungs caused by breathing silicia dust (silicon dioxide) producing fibrous

nodules distributed through the lungs and demonstrated by x-ray examination or by autopsy," we find that the existence of the disease is to be determined by x-ray examination. Therefore it should not be necessary for the referees to make a personal physical examination of a claimant for that reason. It is our opinion that the examination made by the referees met the statutory legal requirements.

We are of the further opinion that the procedure before the administrator and the Board of Review, and the appeal to the Commission were in accordance with law, and for this reason the petition must be denied.

It is next urged by the relator that in allowing the claim the respondent abused its discretion. Our examination of the record reveals that there was a conflict in the evidence as to whether or not the claimant was suffering from the disease of silicosis. It contained sufficient competent medical evidence to sustain the claim, and this court may not substitute its judgment for that of the Commission in making its finding. The Board had the right and the duty to choose between conflicting medical opinions and we may not say it abused its discretion in so doing.

We note that counsel for relator has made a request for a separate finding of facts and conclusions of law. Such may be prepared and submitted by counsel in accordance with Rule IX of this court.

The petition will be denied.

PETREE, PJ, BRYANT, J, concur.